UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE § <br> INSURANCE COMPANY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> EWS GLOBAL, INC., § <br> § <br> Defendant. § | SA-24-CV-112-FB-HJB |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Default Judgment. (Docket Entry 12.) The District Court has referred pretrial matters in this case to the undersigned for consideration. (*See* Docket Entry 5.) For the reasons set out below, I recommend that the motion (Docket Entry 12) be **GRANTED** and that default judgment be entered against Defendant as indicated below.

**I.   Jurisdiction**.

Plaintiff brought this case alleging state-law claims for suit on a sworn account, breach of contract, and quantum meruit and asserting this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Docket Entry 1, at 2.) I have authority to make this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**II.   Background.**

As Defendant is in default (*see* Docket Entry 10), the well-pleaded allegations against him in Plaintiff's Complaint are accepted as true. *See Nishimatsu Constr. Co. Ltd. v. Hous. Nat'l*

*Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Plaintiff is an insurance company that provided eight insurance policies to Defendant between January 1, 2020, and January 1, 2023. (Docket Entry 1, at 2.) Pursuant to the terms of the policies, the initial premiums paid are subject to audit based on actual exposure during the effective dates of coverage. (*Id.* at 3.) These audits can result in additional or return premiums. (*Id.*)

Plaintiff performed an audit of Defendant's accounts in accordance with the provisions outlined in the aforementioned policies. (Docket Entry 1, at 3.) The audit indicated that additional premiums were due on two policies, totaling $441,130. (*Id.*) Plaintiff requested payment from Defendant of the overdue premiums, but Defendant failed to remit payment. (*Id.*)

Plaintiff filed this lawsuit on February 1, 2024. (Docket Entry 1.) After repeated attempts to effect service on Defendant were unsuccessful, the undersigned granted Plaintiff's motion for substituted service by publication. (*See* Docket Entries 4, 6.) Substituted served was effected on April 19, 2024. (*See* Docket Entry 7; Docket Entry 9, at 1.) Defendant failed to answer, and default was entered on July 3, 2024. (Docket Entry 11.)

On August 2, 2024, Plaintiff filed its motion for default judgment. (Docket Entry 12.) The undersigned set a hearing on the motion, and ordered that Defendant be given notice of the hearing. (Docket Entry 13.) The hearing was held on October 2, 2024; Defendant did not appear. At the hearing, counsel for Plaintiff described the efforts made to notify Defendant of the hearing, attested to the accuracy of the supporting documents presented in its motion, and, on the basis of those documents, requested damages for Plaintiff in the amount of $441,130.00, as well as attorney's fees of $4,949.50, and costs of $638.30. (*See* Docket Entry 12, at 7.)

**III.     Analysis.**

The Fifth Circuit has established a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. *Id.* Third, after the clerk enters default, a party may move for default judgment. *Id.* As noted above, each of these steps have occurred in this case. (*See* Docket Entries 9–12.) Accordingly, the Court may consider default judgment at this time. This Report and Recommendation first considers the propriety of default judgment, and then turns to the question of damages.

**A.     *The Propriety of Default Judgment.***

A court may enter default judgment only if there is "a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206. To obtain a default judgment, Plaintiff must establish that (1) a default was entered against Defendant ; (2) Defendant is neither a minor nor incompetent; (3) Defendant is not in military service; and (4) Defendant was served with notice of the motion for default judgment. *See Henderson v. Fenwick Protective Inc.*, No. 3:14-CV-505-M-BN, 2015 WL 9582755, at *3 (N.D. Tex. Nov. 23, 2015). Plaintiff must also make a *prima facie* showing of jurisdiction. *Id.*

Each of the above factors have been satisfied in this case. Default was entered against Defendant on November 21, 2023. (Docket Entry 11.) As a corporation, Defendant is neither incompetent, a minor, nor a member of the military. As for notice, Plaintiff sent notice of its

3

motion for default judgment by certified mail; the Court also sent notice of the order setting the hearing on the motion for default judgment to Defendant by the same method. (*See* Docket Entries 14, 15, and 16). Service by mail is "complete upon mailing." FED. R. CIV. P. 5(b)(1)(C).

Finally, Plaintiff has made a prima facie showing of jurisdiction under 28 U.S.C. § 1332 based on the allegations in its complaint. Plaintiff is a company organized under the laws of the State of Wisconsin with its principal place of business in Massachusetts; Defendant is corporation formed under the laws of Texas, with its headquarters in Texas; and the amount in controversy exceeds $75,000. (Docket Entry 1, at 1–2.) These allegations are admitted by Defendant's default, and therefore taken as true. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206; *see also Jackson v. FIE Corp.*, 302 F.3d 515, 525 n. 29 (5th Cir. 2002) (noting that upon default, factual allegations of complaints are taken as true, except regarding damages). Plaintiff's well-pleaded allegations support its claims for suit on a sworn account, breach of contract, and quantum meruit. (Docket Entry 1, at 258.) For all these reasons, Plaintiff is entitled to default judgment.

**B.     *Damages.***

Admissions on default do not apply to damages. *Jackson*, 302 F.3d at 525 n. 29. Plaintiff has the burden "to bring forth competent evidence in support of the damages that [he] seeks." *Henderson*, 2015 WL 9582755, at *3. To meet this burden, Plaintiff "may submit affidavits and declarations to provide an evidentiary basis for the damages" sought. *Id.*

Rule 55 gives courts discretion to convene an evidentiary hearing on the issue of damages. FED. R. CIV. P. 55(b). "A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing 'where the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Henderson*, 2015 WL 9582755, at *3 (quoting

4

*Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998)). "A sum capable of mathematical calculation is one that can be 'computed with certainty by reference to the pleadings and supporting documents alone.'" *Id.* (quoting *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993)). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Accordingly, the relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975).

In this case, the complaint seeks actual damages and attorney's fees. (Docket Entry 1, at 5.) With regard to damages, Plaintiff has presented affidavit and documentary evidence showing an unpaid premium balance of $413,630 on policy no. 4-445568-0002, and $27,500 on policy no. 4-445568-0000. (Docket Entry 12, at 10–12, 834–45.) Together these readily determinable amounts entitle Plaintiff to damages of $441,130, as sought in its motion for default judgment. (*See id.* at 7.)

With regard to attorney's fees, Plaintiff submitted affidavit evidence and provided invoices showing fees totaling $4,949.50. (Docket Entry 12, at 853–71.) Under Texas law, an attorney's fee award is mandatory upon request to a prevailing party in a suit for breach of contract. *Kona Tech. Corp. v. So. Pacific Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). Considering the circumstances of the case, the undersigned believes the requested fees are reasonable.[1]

Plaintiff is also entitled to costs under Federal Rule of Civil Procedure 54(d)(1). Plaintiff has presented evidence supporting costs of $638.30. (*See* Docket Entry 12, at 853.)

---

[1] The court notes that Plaintiff's attorneys charged hourly rates ranging from $225 to $275 per hour, and a paralegal rate of $100 per hour. (Docket Entry 12, at 854.) Such rates are reasonable.

5

Finally, Plaintiff is entitled to prejudgment and post-judgment interest on its award. Prejudgment interest is appropriate under Texas law from the date the lawsuit was filed until the day before judgment is entered. *See* TEX. FIN. CODE § 304.104; *Richter, S.A. v. Bank of Am. Nat'l Tr. and Sav. Ass'n*, 939 F.2d 1176, 1197 (5th Cir.1991). Post-judgment interest is appropriate under 28 U.S.C. § 1961(a).

## IV. Conclusion.

Based on the foregoing, I recommend that Plaintiff's Motion for Default Judgment (Docket Entry 12) be **GRANTED**, and that judgment be awarded against Defendant, as follows:

 a. Judgment on Plaintiff's claims in the amount of $ 441,130;

 b. Costs in the amount of $ 638.30, and attorney's fees in the amount of $ 4,949.50; and

 c. Prejudgment interest under Texas Finance Code § 304.104, and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## V. Instructions for Service and Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. In this particular case, the U.S. Clerk of Court is directed to send a copy of this Order by U.S. Certified Mail to Defendant at:

**EWS Global, Inc.**
**P.O. Box 400**
**Karnes City, Texas 78118**

&

**John E. Powell, Jr.**
**610 E. Market, Unit 2908**
**San Antonio, Texas 78205**

(*See* Docket Entries 1 at 1, 3, at 1, and 7, at 3.)

Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file the objections with the clerk of the court, and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; "[f]rivolous, conclusory, or general objections can be ignored." *Croy v. United States*, 697 F. Supp. 3d 653, 662 (W.D. Tex. 2023) (Moses, C.J.) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on October 3, 2024.

                                                                         _____
                                                                         Henry J. Bemporad
                                                                         United States Magistrate Judge